■ ELIZABETH S. LANGE, Individually and as Parent and Natural Guardian of GUS LANGE and Another, Infants, et al., Appellants, v MICHAEL KOOPER, Respondent. ELIZABETH S. LANGE, Individually and as Parent and Natural Guardian of GUS LANGE and Another, Infants, et al., Appellants-Respondents, v MICHAEL KOOPER, Respondent-Appellant. [813 NYS2d 381]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered January 26, 2005, dismissing the complaint pursuant to an order, same court and Justice, entered January 11, 2005, which, in an action by trust beneficiaries against the trustee for breach of fiduciary duty, breach of the trust agreement, conversion and unjust enrichment, granted that part of defendant's motion as sought to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and denied that part as sought 22 NYCRR subpart 130-1 sanctions, unanimously affirmed, with one bill of costs in favor of defendant, payable by plaintiffs. Cross appeals from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The action was properly dismissed upon documentary evidence establishing that the grantor, as assignee of his former employer's right, title and interest in the life insurance policy constituting the only significant asset of the subject trust, was, upon termination of his employment, contractually entitled to the policy's cash surrender proceeds in an amount equal to the aggregate of the premiums paid by the employer. Notwithstanding this contractual obligation owed by the trust to the grantor, plaintiffs argue that other circumstances show that defendant trustee's surrender of the policy, and the payment of the proceeds to the grantor, were in violation of defendant's fiduciary duties. The circumstances alleged include that the grantor, who is not a party hereto, was a principal, director and officer of his former employer; that defendant, who had a longtime personal and business relationship with the grantor and was appointed successor trustee shortly after the grantor was assigned the policy, surrendered the policy immediately upon his appointment some seven months before the next premium was due; and that shortly after the grantor's receipt of the policy's proceeds, which were slightly less than the aggregate of the premiums paid, he partially satisfied a personal demand loan that defendant had extended to him several months before he was assigned the policy and defendant was appointed successor trustee.

These circumstances do not show a prima facie breach of fi-

duciary duty. As trustee, defendant was obligated to see that the trust's debts were paid, and his appointment as trustee did not entail his forfeiture of a preexisting debt. Moreover, the trust instrument expressly provided that in the event the net income from the trust, together with any sums furnished by the grantor, was insufficient to pay the premiums, the trustee was under no obligation to pay the premiums and keep the policy in effect. It is undisputed that unless the grantor contributed additional assets to the trust, or died, the trust lacked the assets or income needed to pay the debt owing to the grantor. Indeed, it appears that defendant had no other option but to surrender the policy. We reject plaintiffs' argument that before surrendering the policy, an independent and prudent trustee would have waited seven months until the next premium was due on the possibility that the grantor might die, but do not consider it frivolous. We would add that even if plaintiffs' allegations do suffice to show that defendant should have waited the seven months, they would not overcome the exculpatory language in the trust instrument limiting the trustee's liability to "willful misconduct" (*see Carey v Cunningham*, 191 AD2d 336 [1993]).

The causes of action for unjust enrichment and conversion were properly dismissed given the valid preexisting debt owed to defendant by the grantor.

We have considered the parties' other arguments and find them unavailing. Concur—Sullivan, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.